UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 06-528-C**

**BOBBY MCCANDLESS,**                                                                              **PLAINTIFF,**

**V.**              **MEMORANDUM OPINION AND ORDER**

**LAURA A. RICE,**                                                                              **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion to dismiss (DE 3). The court, having reviewed the record and being otherwise sufficiently advised, will deny the defendant's motion.

The plaintiff alleges that the defendant violated his rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and also asserts claims against her for negligence and fraud. In her motion, the defendant claims that the plaintiff has failed to allege and cannot prove that she is a "debt collector" as that term is defined in the FDCPA. She therefore contends that the plaintiff's FDCPA claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Since the plaintiff's claims under the FDCPA are his only federal claims, the defendant argues that, once they are dismissed, the court should dismiss the plaintiff's pendent state law claims pursuant to Fed. R. Civ. P. 12(b)(1).

Rule 12(b)(6) dismissal can be granted only when a defendant establishes beyond a reasonable doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Hiser v. City of Bowling Green*, 42 F.3d 382, 383 (6th Cir. 1994). The court must consider the pleadings in the light most

favorable to the plaintiff and take the factual allegations in the complaint as true. *Jones v. Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).

As a matter of law, liability under the FDCPA can attach only to those who meet the statutory definition of a "debt collector." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). In turn, the term "debt collector" refers to a person "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Supreme Court has held that the FDCPA applies to attorneys who "regularly" engage in consumer-debt-collection activity, even when that activity consists of litigation. *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995). For the court to find that the defendant "regularly" collects debts for purposes of the FDCPA, the plaintiff must show that she collects debts as a matter of course for her clients, or collects debts as a substantial, but not principal, part of her law practice. *Schroyer v. Frankel*, 197 F.3d 1170, 1176 (6th Cir. 1999).

The defendant first claims that the plaintiff has not properly pled his claim for relief under the FDCPA because he has not alleged that the defendant is a "debt collector." Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant "fair notice of what the claim is and the grounds upon which it rests." *Vector Research, Inc. v. Howard & Howard*

*Attorneys, P.C.,* 76 F.3d 692, 697 (6th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  In his complaint, the plaintiff describes the facts that underlie his claims and asserts that "[b]ased on [these factual allegations], Plaintiff states a willful knowing and/or negligent violation of the [FDCPA] by the Defendant."  DE 1, at 5, 6.  This is all that was required of him under the Federal Rules of Civil Procedure.  Although the defendant claims that the plaintiff's failure to specifically state that she is a debt collector renders his complaint fatally deficient, she has cited no authority stating that the plaintiff was required to do so.  Indeed, as the defendant has noted, only debt collectors can be liable under the FDCPA.  The court will not dismiss the plaintiff's case merely because he neglected to explicitly put forth an allegation that is implicit in the cause of action he has asserted.

      The defendant also argues that she is not a debt collector because she neither regularly collects debts nor engages in debt collection activities as a substantial part of her law practice.  She has attached an affidavit to that effect in support of these contentions.  Her allegations, however, fall far short of demonstrating that the plaintiff can prove no set of facts that would entitle him to relief.  While the defendant may eventually be able to prove that she is not a debt collector for the purposes of the FDCPA, the court is unprepared to say so as a matter of law before any discovery has been taken by the plaintiff.[1]  The

---

[1] Fed. R. Civ. P. 12(b) provides that, when a motion to dismiss is made pursuant to Rule 12(b)(6) and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."  As previously noted, the

defendant's motion to dismiss the plaintiff's FDCPA claims will be denied.

Because the court has denied the defendant's motion to dismiss the plaintiff's FDCPA claims pursuant to Rule 12(b)(6), it need not dismiss the plaintiff's pendent state law claims pursuant to Rule 12(b)(1), as the federal basis for those claims remains before the court.  Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss (DE 3) is **DENIED**.

Signed on December 19, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

defendant has provided the court with an affidavit in support of her motion, suggesting that the court should consider it as a motion for summary judgment. Doing so, however, would not change the court's disposition of the defendant's motion.  The plaintiff has not responded to the motion on its merits but instead has requested an additional period of time to conduct discovery into whether the defendant meets the FDCPA's "debt collector" requirements.  The plaintiff's response is most reasonably construed as one pursuant to Rule 56(f), which provides that when a party cannot "for reasons stated present by affidavit facts essential to justify [its] opposition, the court may refuse the application for judgment or may order a continuance to permit . . . discovery to be had."  Thus, even if the court were to construe the current motion as one for summary judgment, it would nonetheless deny it pursuant to Rule 56(f).

4