**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**CIVIL ACTION NO. 06-528-C**

**BOBBY MCCANDLESS,**                                                                     **PLAINTIFF,**

**V.**                **MEMORANDUM OPINION AND ORDER**

**LAURA A. RICE,**                                                                     **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion for summary judgment (DE 13).[1] The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion.

The plaintiff, Bobby McCandless, alleges that the defendant, Laura Rice, violated his rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and also asserts claims for negligence and fraud. Rice represented Jim Russell Realtors, Inc., a real estate agency, in a contract dispute between it and McCandless. Rice filed suit against McCandless, on behalf of the agency, alleging that he breached a contract with the agency. McCandless claims

---

[1] The defendant's motion is styled as both a motion for summary judgment and a motion to dismiss for failure to state a claim. When matters outside the pleadings, including affidavits and deposition testimony, are presented to the court in support of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the motion is treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). The defendant has attached various exhibits in support of her motion. Therefore, the court construes the motion as one for summary judgment and will not analyze the motion to dismiss separately.

1

that Rice violated the FDCPA by not advising him of his rights under the Act.

The defendant previously moved to dismiss this matter, claiming that the plaintiff could not prove that she was a "debt collector" as defined in the FDCPA. The court declined to dismiss the action prior to discovery, allowing the plaintiff the opportunity to conduct discovery regarding the "debt collector" issue. The parties completed such discovery, and the defendant now moves for summary judgment. According to the defendant, the evidence shows that she is not a "debt collector" subject to the FDCPA. The defendant additionally argues that once the plaintiff's FDCPA claims are dismissed, the court should remand the plaintiff's remaining claims to state court because they are based on state law.

Summary judgment is appropriate only when there are no genuine issues of material fact in dispute and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party can satisfy its burden by demonstrating that there is an absence of evidence to support the non-moving party's case. *Id*. at 324-25. To survive summary judgment, the non-moving party must come forward with evidence on which the jury could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

As a matter of law, liability under the FDCPA can attach only to those who

meet the statutory definition of a "debt collector." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). In turn, the term "debt collector" refers to a person "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA applies to attorneys who "regularly" engage in consumer-debt-collection activity, even when that activity consists of litigation. *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995). For the court to find that the defendant "regularly" collects debts for purposes of the FDCPA, the plaintiff must show that the defendant collects debts as a matter of course for her clients or that she collects debts as a substantial, but not principal, part of her law practice. *Schroyer v. Frankel*, 197 F.3d 1170, 1176 (6th Cir. 1999).

      The defendant asserts that she is not a "debt collector" because she does not regularly engage in debt-collection activities. Rice states, and the plaintiff does not refute, "that 98% of her legal practice is related to domestic relations law and the remaining 2 is mostly state district court practice." DE 13, at 5. Rice further asserts that she is not part of the debt-collection industry. The plaintiff does not present any evidence demonstrating that debt collection is a substantial part of Rice's legal practice. Instead, he argues that by sending him a "Validation Notice" which references the FDCPA, Rice placed herself within the provisions of the Act.

3

Additionally, the plaintiff argues that whether Rice is a "debt collector" should be determined based on the facts and circumstances surrounding Rice's actions rather than on what percentage of her practice involved debt-collection activities.  The plaintiff's arguments are not supported by legal authority and fail to demonstrate that Rice should be subject to the provisions of the FDCPA.

The parties do not dispute the material facts in this matter, and based upon those facts, Rice does not fall within the FDCPA's definition of a "debt collector." Therefore, the defendant is entitled to summary judgment as a matter of law on the plaintiff's claim that Rice violated the FDCPA.

In addition to alleging that the defendant violated the federal FDCPA, the plaintiff's complaint states claims for negligence and fraud under Kentucky state law.  The plaintiff concedes that if the federal claims are dismissed then the remaining state law claims should be remanded to state court.  Accordingly,

**IT IS ORDERED** that the defendant's motion for summary judgment (DE 13) is **GRANTED** with respect to the plaintiff's claim under the FDCPA.

**IT IS FURTHER ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE** to the extent it is based upon the defendant's violation of the FDCPA.

**IT IS FURTHER ORDERED** that the remainder of the plaintiff's complaint is **REMANDED** to Jefferson Circuit Court for all further proceedings.  The Clerk is **DIRECTED** to transmit the file to Jefferson Circuit Court.

**IT IS FURTHER ORDERED** that the plaintiff's motion to withdraw as counsel

of record (DE 17) and the defendant's motion to compel responses to interrogatories and requests for production of documents (DE 15) are **DENIED AS MOOT** because the court no longer has jurisdiction over this matter.

    **IT IS FURTHER ORDERED** that this matter is **STRICKEN** from the court's active docket.

Signed on  March 3, 2008

*Jennifer B Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**